UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLOBAL INNOVATION NETWORK LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | No. 1:20-cv-6955 <br><br> Hon. Steven C. Seeger <br><br> Mag. Jeffrey Cole |

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE being before the Court on Plaintiff's Motion for Entry of a Preliminary Injunction against the remaining defendants identified on Schedule A to the Amended Complaint (collectively, the "Defendants") and the online marketplace accounts identified in Schedule A (the "Online Marketplace Accounts"), and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion. In light of recent dismissals of two other defendants, this Order is limited to the last four remaining defendants: (1) MengNi Store; (2) Innorock Direct; (3) Zheli Store; and (4) KITMATE.

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient

voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented evidence that each Defendant Internet Store is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can and do purchase products bearing counterfeit or infringing versions of Plaintiff's Copyrighted Designs.

This Court further finds that injunctive relief previously granted in the Temporary Restraining Order should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of Plaintiff's Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no adequate remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) Plaintiff owns valid copyrights in the Copyrighted Designs; (2) Defendants have copied the Copyrighted Designs; and (3) Defendants are unlawfully reproducing, distributing, and publicly displaying the Copyrighted Designs. Furthermore, Defendants' continued and unauthorized use of the Copyrighted Designs irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to adequately address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained during the pendency of this action from:

    a. using Plaintiff's Registered Copyrights, or any reproductions or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any art smocks products that are not a genuine product or otherwise authorized by Plaintiff;

    b. passing off, or inducing others, or enabling others to sell or pass off, any products as genuine products produced by Plaintiff, that are not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing Plaintiff's Registered Copyrights and damaging Plaintiff's goodwill;

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, importing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which reproduce or display any of Plaintiff's Registered Copyrights, or

any reproductions, counterfeit copies or any substantially similar variation thereof, online or offline; and

    f.    using, linking to, transferring, or selling, the Online Marketplace Account, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell products incorporating Plaintiff's Registered Copyrights and/or substantially similar variations thereof, online or offline.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing:

    a.    their true name and physical address;

    b.    all websites and online marketplace accounts on any platform that they own and/or operate;

    c.    their financial accounts, including all Amazon, Alibaba, and PayPal accounts; and

    d.    the steps taken by each Defendant to comply with paragraph 1, a through f, above.

3. Those in privity with Defendants, or any persons or entities working in active concert or participation with Defendants, with actual notice of this Order, including any online marketplaces such as Amazon and Amazon Marketplace, PayPal, Inc., iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities, shall within seven (7) days of receipt of this Order:

    a.    restrain and enjoin Defendants' Online Marketplace Account(s) from transferring, liquidating, converting, encumbering, pledging, loaning,

        selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any money or other assets owned or controlled by Defendants until further ordered by this Court; and

    b.    maintain and preserve all funds and assets controlled by Defendants and shall not transfer or surrender such funds for any purpose without the express authorization of the Court.

4.    Plaintiff may provide notice of this Order by electronically publishing a link to the Amended Complaint, the Amended Temporary Restraining Order, this Order and other relevant documents on a website, and by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website.

Date: February 4, 2021

                                Steven C. Seeger
                                United States District Judge